935 P.2d 169

**In the Matter of Self–Insurance by a Municipality.**

**CITY OF BOISE, Appellant,**

v.

**INDUSTRIAL COMMISSION, State of Idaho; Stephen J. Lord, Chairman, James E. Kerns and Rachel S. Gilbert, Commissioners, Respondents,**

and

**Idaho State Insurance Fund, Petitioner, Respondent.**

No. 22814.

Supreme Court of Idaho, Boise, January 1997 Term.

April 7, 1997.

Bowen, Brassey, Gardner, Wetherell & Crawford, Boise, for appellant. Alan R. Gardner argued, Boise.

Moffatt, Thomas, Barrett, Rock & Fields, for respondent Idaho State Insurance Fund. John W. Barrett argued, Boise.

Alan G. Lance, Attorney General; A. Rene Martin, Deputy Attorney General, argued, Boise, for respondent Industrial Commission.

SILAK, Justice.

This is an Industrial Commission (Commission) case regarding the City of Boise's (City) application for worker's compensation self-insurance. After a hearing, the Commission

ruled that the City could not become self-insured under section 72–301 of the Idaho Code because it is a public employer. However, the Commission further ruled that even if the City could become self-insured, it had not met the requirements for doing so.

On appeal, the City contends that as a matter of statutory construction, a public employer can become self-insured. It also argues that the Commission's ruling that the City had not met the requirements to become self-insured was premature, because the parties had agreed to limit the hearing to the issue whether a public employer could become self-insured. Finally, the City maintains that the Commission's decision that the City did not meet the requirements for self-insured status was not supported by substantial and competent evidence.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The City filed its application to become self-insured on March 7, 1995. On July 24, 1995, the Commission held a hearing (hearing), with the City and the State Insurance Fund (SIF) participating. The parties do not dispute that at least one of the purposes of the hearing was to determine whether, under I.C. § 72–301, public employers may self-insure (the legal issue). The Commission ruled that public employers may not self-insure.

The Commission also ruled that even if public employers are permitted to self-insure under I.C. § 72–301, the City's application for self-insurance did not satisfy the criteria. Therefore, the Commission denied the application. The City disputes whether the application for self-insurance was properly considered, because the City alleges that it should have had the opportunity to present oral argument on that issue.

## II.

### ISSUES ON APPEAL

On appeal, the issues are:

1. Whether a public employer may seek self-insured status pursuant to I.C. § 72–301.

2. Whether the Commission's ruling on the City's application for self-insured status was premature.

3. Whether the Commission's denial of the City's application was supported by substantial and competent evidence.

## III.

### STANDARD OF REVIEW

 When this Court reviews an Industrial Commission decision, it exercises free review over questions of law. *Ogden v. Thompson*, 128 Idaho 87, 88, 910 P.2d 759, 760 (1996). Our review of questions of fact is limited to determining whether substantial and competent evidence supports the decision. *Matter of Wilson*, 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). Substantial and competent evidence is "more than a scintilla of proof, but less than a preponderance. In short, it is relevant evidence which a reasonable mind might accept to support a conclusion." *Id.*

## IV.

### ANALYSIS

A. **The Commission Erred In Ruling That Under I.C. § 72–301, Public Employers May Not Self–Insure.**

Section 72–301 of the Idaho Code provides, in relevant part:

Every employer shall secure the payment of compensation under this law in one of the following ways:

(1) By insuring and keeping insured with a policy of workmen's compensation insurance as defined by section 41–506(1)(d), Idaho Code, the payment of compensation with any surety authorized by the director of the department of insurance to transact such insurance, provided, that every public employer shall insure its liability for payment of compensation with the state insurance fund unless such fund shall refuse to accept the risk when the application for insurance is made; or

(2) An employer may become self-insured by obtaining the approval of the industrial commission, and by depositing and maintaining with the commission security satisfactory to the commission securing the payment by said employer of compensation according to the terms of this law....

The Commission found, and SIF maintains on appeal, that I.C. § 72–301(1) requires public employers to insure for worker's compensation coverage with SIF, and prohibits public employers from self-insuring. Thus, only if SIF refuses to insure the risk can a public employer look elsewhere for worker's compensation insurance. On appeal, the City urges us to find that under I.C. § 72–301, public employers may self-insure.

 Because interpretation of the worker's compensation statutes is a question of law, we exercise free review. It is well-settled that if a statute's language is clear and unambiguous, this Court will apply the statute without employing rules of statutory construction. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996). The starting point for any statutory interpretation is the literal wording of the statute, and we will give the statute's language its plain, obvious, and rational meaning. *Id. See also State ex rel. Lisby v. Lisby*, 126 Idaho 776, 779, 890 P.2d 727, 730 (1995).

 We hold that I.C. § 72–301's language is clear and unambiguous, and that public employers are permitted to self-insure for worker's compensation liability. The lead-in clause to the statute states that *"[e]very employer* shall secure the payment of compensation under this law *in one of the following ways."* (Emphasis added). That clause is followed by two subsections, connected by the word "or." The first subsection states that *every* employer may provide security for worker's compensation liability by purchasing an insurance policy, while the second subsection provides that *every* employer may self-insure for worker's compen-

sation risks. Giving those words their plain, obvious, and rational meanings, the legislature intended that every employer, whether public or private, may either purchase a worker's compensation insurance policy *or* self-insure.[1]

The phrase "provided, that every public employer shall insure its liability for payment of compensation with the state insurance fund unless such fund shall refuse to accept the risk when the application for insurance is made" is contained entirely within subsection (1), and applies only to that subsection. Thus, if a public employer chooses to obtain an insurance policy, the employer must first apply to SIF for the policy. If SIF refuses to accept the risk, then the public employer may seek out other sources for the policy. However, like private employers, a public employer may provide security for worker's compensation through self-insurance under the provisions of I.C. § 72–301(2), and it need not attempt to first obtain a policy from SIF.

If the legislature had intended to require public employers to always attempt to insure with SIF, and not self-insure, it could have easily and clearly done so, by placing the "provided, that" clause before or after both subsections, placing it in each subsection, or creating an entirely new subsection applicable only to public employers. However, the legislature did not do so. We hold that under the plain language of I.C. § 72–301, public employers may self-insure for worker's compensation. Therefore, we reverse the ruling of the Commission in this regard.

**B. The Commission's Ruling On The City's Application For Self–Insured Status Was Not Premature, And The City Was Not Denied Procedural Due Process.**

 Although the Commission ruled that public employers may not self-insure under I.C. § 72–301, it also ruled on the merits of the City's application. The City argues on

---

1. The term "employer" is defined by I.C. § 72–102(11) as "any person who has expressly or impliedly hired or contracted the services of another...." "Person" is defined in I.C. § 72–102(22) as "the state or any political subdivision thereof, or any individual, partnership, firm, association, trust, corporation, including the state insurance fund, or any representative thereof." The City is an employer as defined by statute.

appeal that this ruling was premature, arguing that the record establishes that the sole purpose of the July 1995 hearing was argument on the legal issue of whether a public employer may self-insure, not the substantive issue of whether the City's application met the statutory requirements. The City contends, therefore, that it did not have notice that the Commission was going to consider the application, and that the City was therefore denied procedural due process because it was not able to present any oral argument on the matter.

 Procedural due process is an essential requirement of the administrative process, and notice is a critical aspect of that due process. *See Rincover v. State, Dep't of Finance,* 124 Idaho 920, 921, 866 P.2d 177, 178 (1993); *Grindstone Butte Mut. Canal Co. v. Idaho Power Co.,* 98 Idaho 860, 865, 574 P.2d 902, 907 (1978). Due process does require that the parties "be provided with an opportunity to be heard at a meaningful time and in a meaningful manner." *Matter of Wilson,* 128 Idaho 161, 167, 911 P.2d 754, 760 (1996). However, due process is not a concept to be applied rigidly in every matter. Rather, it "is a flexible concept calling for such procedural protections as are warranted by the particular situation." *Id. See also Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (stating that "[d]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." (citations omitted)).

As the City notes in support of its argument, on July 21, 1995, three days before the hearing, SIF sent a letter to the Commission Chairperson which stated:

> The matter of the City's financial ability to adequately protect its employees is one which requires an in-depth analysis and review by the Commission. We believe that the time allotted is insufficient to allow a thorough presentation and suggest that after resolution of the legal issue, a further hearing be held, if needed, on the financial ability of the City to meet the responsibility of a self insurer. Accordingly, we request that the hearing be bifurcated to that extent.

There is nothing in the record which indicates that the Commission stated that it would indeed bifurcate the proceedings. Further, although the transcript of the July 1995 hearing contains some language indicating that the parties intended mainly to discuss the legal issue, there was also some discussion of the substantive issue. Therefore, it is not clear from the record that the Commission stated that it would render a decision only on the legal issue, with further proceedings on the substantive issue.

The record is clear, however, that the City provided a full application to the Commission three months before this hearing. The Commission correctly noted that the City had ample opportunity to request oral argument on the substantive issue, which it did not do. In fact, on July 17, just one week before the hearing, the City sent a letter to the Chairperson which stated that it would be presenting four items to the Commission at the hearing, including information about its financial ability to self-insure, actuarial studies and related experience. On July 19, the City sent to the Commission an eighty-six page packet of information entitled "City of Boise: Presentation to the Idaho Industrial Commission July 24, 1995." That packet included financial information, actuarial information, and feasibility reports in support of the City's application.

The City was given the opportunity to support its side of the story, through its application and the various materials it provided to the Commission. Although the City did not present formal oral argument on the matter, it could have requested to do so. Further, as the Commission noted at oral argument, the City is not limited to only one attempt at approval for self-insurance. The City may file another application for self-insurance to correct any deficiencies in its first application. Under the circumstances, we find no violation of the City's due process rights.

### C. The Commission Did Not Err In Denying The City's Application For Self–Insurance, Because The Decision Was Supported By Substantial And Competent Evidence.

 Even before it ruled that public employers may not self-insure under I.C. § 72–

301, the Commission denied the City's application for self-insurance, on several grounds. The first reason given for the denial was that a resolution passed by the City seemed to contemplate limiting the City's liability to $500,000 per occurrence. The Commission noted that it had never authorized self-insurance with limited liability, and that such a limitation is not permitted by rule, regulation or statute. The City argues that it intended to purchase excess insurance to cover any additional liability. However, the Commission found that the City had no definite plan to provide excess insurance, and that this meant that the statutory requirement "that payment of compensation shall be sure and certain" was not met. Because a reasonable mind might accept the resolution and the relevant rules and statutes as adequate to support the conclusion that the City's plan to limit its liability and purchase excess insurance was not sufficient to meet the requirements for self-insurance, there was substantial and competent evidence to support the Commission's finding in this regard.

 The Commission also found that the City's experience with self-insurance for general liability was insufficient to give it the required expertise in worker's compensation, due to the unique nature of worker's compensation. Further, the Commission expressed concern that the City was under the erroneous impression that self-insurance would lessen or eliminate the risks as they related to independent contractors. There was substantial and competent evidence supporting those findings.

In summarizing its reasons for denying the City's application, the Commission stated the following:

> After a thorough review of the City's application for self-insurance, the ordinance, the cover letter, and attachments, we find that the self-insurance proposal is indefinite because it only suggests a variety of techniques for securing the [C]ity's liability. Among the options proposed by the City's consultants, the City has not identified which options it will choose. The application fails to provide sure and certain relief to workers who may attempt to claim ben-

efits under it. We conclude that the application should be denied.

There is substantial and competent evidence to support those findings of the Commission, and its decision regarding the merits of the application. Thus, we affirm the Commission's decision denying the application.

## V.

## CONCLUSION

We hold that a public employer may seek to self-insure for worker's compensation liability, pursuant to I.C. § 72–301, and reverse the Commission's ruling in this regard. We further hold that the Commission's ruling on the merits of the City's application was not premature, and was supported by substantial and competent evidence, and therefore affirm the Commission's decision on the application itself. Because no party clearly prevailed, we award no costs on appeal.

TROUT, C.J., and JOHNSON, McDEVITT and SCHROEDER, JJ., concur.