953 P.2d 596

**Lawrence S. NELSON, Claimant–Respondent,**

v.

**LAKE VIEW BIBLE CHAPEL, Employer, and Church Mutual Insurance Company, Surety, Defendants–Appellants.**

No. 23660.

Supreme Court of Idaho,
Boise, November 1997 Term.

March 3, 1998.

Bowen, Gardner & Bailey, L.L.P., Boise, for defendants-appellants. Debra D. Irish argued.

Cook, Lamanna, Smith, Cogswell & Elliot, Priest River, for claimant-respondent. Nicholas M. Lamanna argued.

SCHROEDER, Justice.

This appeal arises out of the Idaho Industrial Commission's award of worker's compensation to the respondent, Lawrence Nelson. The appellants, Lake View Bible Chapel and Church Mutual Insurance Company (Lake View), contest the validity of the Commission's Order Denying the Motion for Reconsideration. Lake View asserts that the Commission's Order was invalid because a quorum was not present. On appeal, Lake View seeks reconsideration of the motion by a proper quorum of the Commission.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On August 21, 1996, the Commission awarded Nelson worker's compensation. Commissioner Stephen J. Lord and James E. Kerns signed the award and Commissioner Rachel S. Gilbert dissented. On September 9, 1996, Lake View filed a Motion for Reconsideration which was denied by the Commission. Commissioners Lord and Kerns signed the Order Denying Reconsideration (the Order) and it was filed and dated on January 14, 1997.

On January 3, 1997, prior to the date that the Order was filed, Lord resigned his position with the Industrial Commission. While the record does not decisively indicate the time at which the Commissioners signed the Order, a phrase appears next to Lord's signature indicating that he participated in the decision prior to his resignation. It reads: "Commissioner Lord approved this Findings of Fact, Conclusions of Law and Proposed Order prior to his resignation."

On January 31, 1997, Lake View filed a Motion to Vacate and Set Aside the Commission's Order Denying the Motion for Reconsideration. The Commissioner denied Lake View's motion to vacate by an order which was filed February 21, 1997. On appeal, Lake View seeks reconsideration of their Motion for Reconsideration by a proper quorum.

## II.

### STANDARD OF REVIEW

This Court exercises free review of the Industrial Commission's legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence. *Berglund v. Potlatch Corp.*, 129 Idaho 752, 754, 932 P.2d 875, 877 (1996) (quoting *Reiher v. American Fine Foods*, 126 Idaho 58, 60, 878 P.2d 757, 759 (1994)). Substantial and competent evidence is relevant evidence that would be accepted by a reasonable mind as adequate to support a conclusion. *Id.*

## III.

### THE ORDER WAS VALID

Lake View argues that the Order was invalid because it was signed after Commissioner Lord resigned. The record does not establish the specific date when Commissioner Lord signed the Order. However, the phrase which appears next to Lord's signature does indicate that he participated in the decision prior to his resignation. It reads: "Commissioner Lord approved this Findings of Fact, Conclusions of Law and Proposed Order prior to his resignation." This language suggests that he signed the order prior to his resignation. Furthermore, in Idaho there is a presumption of regularity in the performance of official duties by public officers. *Horner v. Ponderosa Pine Logging*, 107 Idaho 1111, 1114, 695 P.2d 1250, 1253 (1985); *Farm Bureau Fin. Co., Inc. v. Carney*, 100 Idaho 745, 750, 605 P.2d 509, 514 (1980). The Commission noted in its Order denying the motion to vacate that "[d]efendants have presented no factual evidence to refute the clear indication that Commissioner Lord reviewed and signed the Order prior to his resignation." Accepting the presumption of regularity of the proceedings, the Court can conclude that Commissioner Lord signed the Order before he resigned.

Lake View also argues that the Order was not a valid decision by a quorum because it was dated and filed after Commissioner

**158**

Lord resigned. It is clear from the Order that former Commissioner Lord participated in the decision prior to his resignation. It appears that the dating of the document took place as an administrative function upon receipt of the Order by the Assistant Administrative Secretary. There is no requirement that a quorum be present when a decision is dated and filed. The Order is valid.

## IV.

## CONCLUSION

The decision of the Commission denying the Motion for Reconsideration is affirmed. No costs or attorney fees are allowed.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.