991 P.2d 358

Dee Ann CRAWFORD, Claimant–Appellant,

v.

DEPARTMENT OF CORRECTION, Employer, and State Insurance Fund, Surety, Defendants–Respondents.

No. 25033.

Supreme Court of Idaho, Lewiston, October 1999 Term.

Dec. 9, 1999.

Clark & Feeney, Lewiston, for appellant. Paul T. Clark argued.

Mosman Law Offices, Moscow, for respondents, Department of Correction and the State Insurance Fund. Craig W. Mosman argued.

WALTERS, Justice.

This is an appeal from a declaratory ruling of the Industrial Commission disallowing worker's compensation benefits to an inmate injured in the performance of maintenance duties at the community work center where she was serving her sentence. We affirm.

## FACTS AND PROCEDURE

DeeAnn Crawford was convicted of possession of a controlled substance and committed to the custody of the Idaho State Board of Correction for a period of seven years. Crawford was serving her sentence at the Boise Community Work Center, when on August 28, 1996, one of the officers on duty instructed Crawford to clean out the rain gutters of the center. In the course of the cleaning, a co-worker released the ladder on which Crawford was standing, causing Crawford to fall and severely injure both of her legs. Crawford filed a worker's compensation claim seeking benefits for the accident-related injuries.

The Department of Correction and State Insurance Fund responded to Crawford's claim for benefits by filing a petition with the Industrial Commission for a declaratory ruling. The question raised by the petition was whether an incarcerated person in Idaho who is precluded from recovering under the worker's compensation laws pursuant to I.C. § 20–412 is nevertheless entitled to benefits if the inmate qualifies as a community service worker under I.C. § 72–205(7) and I.C. § 72–102(5). The Industrial Commission took the matter under advisement and issued its decision on August 26, 1998. The Commission determined that an individual, such as Crawford, injured while performing maintenance duties at a correctional facility where she is incarcerated is not considered to be a community service worker as contemplated under I.C. §§ 72–205(7) and 72–102(5). Crawford appeals from the decision of the Commission, which denied her claim for benefits.

## STANDARD OF REVIEW

In a worker's compensation case, the Supreme Court limits its scope of review

to questions of law and determinations of whether the Industrial Commission's findings of fact are supported by substantial, competent evidence. *Beardsley v. Idaho Forest Industries,* 127 Idaho 404, 901 P.2d 511 (1995). The Court exercises free review of the Commission's legal conclusions. *Nelson v. Lake View Bible Chapel,* 131 Idaho 156, 953 P.2d 596 (1998). Furthermore, the construction of a legislative act, such as the worker's compensation statutes, presents a pure question of law for free review by the Court. *City of Boise v. Industrial Comm'n,* 129 Idaho 906, 909, 935 P.2d 169, 171 (1997); *Dohl v. PSF Industries, Inc.,* 127 Idaho 232, 899 P.2d 445 (1995).

## ISSUE

The issue presented by this appeal is whether a claimant, who is injured while an inmate under the control of the Department of Correction and performing work at the Boise Community Work Center, falls within the definition of a community service worker so as to be entitled to worker's compensation benefits for her injuries.

## DISCUSSION

Crawford's claim for worker's compensation benefits was based on I.C. § 72–102(5) and I.C. § 72–205(7). On appeal, she asserts that the statutory definition of a community service worker found in subsection 5, I.C. § 72–102, is not by its express language limited to non-inmates but extends to "any person who has been convicted of a criminal offense ... who *performs a public service for any department or institution,*" such as the maintenance of the rain gutters she was directed to perform at the Community Work Center. Crawford argues that the Commission misinterpreted I.C. § 72–102(5) to conclude that she was not a community service worker and thus not an employee for purposes of obtaining worker's compensation benefits.

Idaho Code section 72–205(7) provides:

A community service worker, as that term is defined in section 72–102, Idaho Code, is considered to be an employee in public employment for purposes of receiving workmen's compensation benefits, which shall be the community service worker's exclusive remedy for all injuries and occupational diseases as provided under chapters 1 through 8, title 72, Idaho Code.

Idaho Code section 72–102(5) defines a community service worker as follows:

[A]ny person who has been convicted of a criminal offense, any juvenile who has been found to be within the purview of chapter 5, title 20, Idaho Code, and who has been informally diverted under the provisions of section 20–511, Idaho Code, or any person or youth who has been diverted from the criminal or juvenile justice system and who performs a public service for any department, institution, office, college, university, authority, division, board, bureau, commission, council, or other entity of the state, or any city, county, school district, irrigation district or other taxing district authorized to levy a tax or an assessment or any other political subdivision or any private not-for-profit agency which has elected worker's compensation insurance coverage for such person.

The interpretation of a statutory provision must begin with the literal words of the statute, giving the language its plain, obvious and rational meaning. *State v. Watts,* 131 Idaho 782, 963 P.2d 1219 (1998); *Atkinson v. State,* 131 Idaho 222,, 953 P.2d 662 (Ct.App.1998). When interpreting the meaning of statutory language, the Court is to give effect to legislative intent and the purpose of the statute. *Allen v. Blaine County,* 131 Idaho 138, 953 P.2d 578 (1998). The legislature's intent in enacting a statute may be implied from the language used or inferred on grounds of policy or reasonableness. *Black v. Reynolds,* 109 Idaho 277, 280, 707 P.2d 388, 391 (1985), *overruled on other grounds by Stewart v. Rice,* 120 Idaho 504, 817 P.2d 170 (1991).

Section 72–102(5), Idaho Code, enumerates three categories of individuals who may be considered to be within the statute: (1) any person who has been convicted of a criminal offense, (2) any juvenile who has been found to be within the purview of chapter 5, title 20, Idaho Code, and who has been informally diverted under the provisions of section 20–

511, Idaho Code, and (3) any person or youth who has been diverted from the criminal or juvenile justice system. The individual must further qualify under the statute as one "who performs a public service." Because Crawford was unquestionably a person convicted of a criminal offense and performing work required of her as an inmate, which was for the benefit of the facility, Crawford arguably fits within the statutory definition. The critical issue for this Court to decide then, is whether the work that Crawford was performing at the time she was injured was in the nature of a "public service" contemplated by the legislature when it enacted the statute.

The definition of a community service worker first appeared as part of House Bill 73—an act related to the juvenile justice system of the state—which was introduced in 1989 during the first regular session of the Centennial Idaho Legislature. Section 12 of House Bill 73 containing the definition amended Section 72–102, Idaho Code, in conjunction with an amendment to Section 72–205, Idaho Code, (found in Section 13 of House Bill 73) providing that a community service worker would be considered to be an employee in public employment for purposes of receiving worker's compensation benefits.[1]

At the time worker's compensation benefits were extended to community service workers, the legislature had addressed the question of work being performed by inmates of state correctional facilities. The existing law provided that all persons convicted of crimes against the laws of the state and confined by the board of correction in the state prison were required, during the term of their confinement, to perform "such labor under such rules and regulations as may be prescribed by the state board of correction."

I.C. § 20–101. In another statute, the board of correction was given express authority to use the labor of convicts either within or without the walls of the penitentiary and on all public works done under the direct control of the state. I.C. § 20–245. These statutes presently remain in effect.

Section 20–245, Idaho Code, was considered by the Idaho Supreme Court in an appeal from the denial of worker's compensation benefits to a prisoner injured in the prison's license plate factory. *Shain v. Idaho State Penitentiary,* 77 Idaho 292, 291 P.2d 870 (1955). The Court, affirming the denial of benefits, reasoned that an inmate is not working under any contract of hire either express or implied by law, and thus, is not an employee of the state for worker's compensation purposes.[2] *Id.* We have not been cited to any legislation or special provisions since the decision in *Shain* that operates to change the non-employee status of inmates to bring them within the purview of worker's compensation scheme. Indeed, the Correctional Industries Act, enacted in 1974, which provides for prisoners engaged in productive work in the institution to receive remuneration for their work as the board shall determine, specifically excludes any inmate compensated under the act from the provisions of the worker's compensation laws. I.C. § 20–412.

■ The definition of a community service worker was amended by the legislature in 1994.[3] Coincident with the amendment—and relevant to our inquiry—the legislature stated its intent that the revised definition "will help provide Idaho courts a wide range of work locations when sentencing an offender to perform community service work." S.B. 1543 (1994) statement of purpose.[4] We per-

1. We take judicial notice of House Bill 73, which was not submitted as part of the record on appeal, but is contained in the public records maintained by the Office of Legislative Services located in the State Capitol Building. I.R.E. 201(f); *Trautman v. Hill,* 116 Idaho 337, 340, 775 P.2d 651, 654 (Ct.App.1989); *State v. Howell,* 122 Idaho 209, 832 P.2d 1144 (Ct.App.1992).

2. Idaho worker's compensation laws provide the exclusive remedy for an employee against his employer for injuries arising out of and in the course of employment. *Yeend v. UPS, Inc.,* 104 Idaho 333, 659 P.2d 87 (1982).

3. The amendment made available worker's compensation insurance to non-profit organizations utilizing community service workers. 1994 Idaho Session Laws, ch. 446, § 1, p. 1427.

4. The statement of purpose is not a part of the record on appeal but is contained in the public records maintained by the Office of Legislative Services located in the State Capitol Building. I.R.E. 201(f). *Trautman, supra.*

ceive this statement of intent to be a representation by the legislature that the public service encompassed by the statute entails community service ordered by a sentencing court, as distinguished from any public work otherwise performed by prisoners but which benefits the state. The Commission's interpretation of I.C. §§ 72–102(5) and 72–205(7), therefore, is supported by the legislative history.

When Crawford was injured, she was cleaning out rain gutters under the direction of a correctional officer at the Community Work Center where she was serving her sentence. Community service was not part of the sentence imposed on Crawford's controlled substance conviction. The labor being performed by Crawford, which could be described as general maintenance work, was of the sort typically required of prisoners. In reaching our decision, we have considered and construed all of the provisions of the Worker's Compensation Act providing for or proscribing recovery by an injured worker *in pari materia*. *Lebak v. Nelson*, 62 Idaho 96, 107 P.2d 1054 (1940). We conclude that the public service aspect of community service envisioned by the legislature is other than the benefit derived by the institution from having inmates engage in productive activities directed toward maintaining the prison facilities. Accordingly, we find that the Commission correctly held that Crawford was not a community service worker as contemplated by the legislature and therefore is not embraced within I.C. § 72–102(5) or entitled to worker's compensation benefits under I.C. § 72–205(7).

The declaratory ruling of the Commission denying benefits to Crawford is affirmed.

No costs or attorney fees are awarded on appeal.

Chief Justice TROUT and Justices SILAK, SCHROEDER, and KIDWELL, concur.