# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44526

CMJ PROPERTIES, LLC, an Idaho limited
liability company,

   Plaintiff-Appellant,

v.

JP MORGAN CHASE BANK, N.A., a
national banking association,

   Defendant-Respondent,
and

DOES 1-10,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Boise, September 2017 Term**

**2017 Opinion No. 119**

**Filed: November 29, 2017**

**Karel A. Lehrman, Clerk**

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court's judgment is affirmed.

Angstman, Johnson & Associates, Boise, for appellant. Matthew T. Christensen
argued.

Parsons Behle & Latimer, Idaho Falls, for respondent. Jon A. Stenquist argued.

_____

BRODY, Justice

   This is a quiet title action. A landowner brought suit against a lender to extinguish a deed
of trust that was recorded against the landowner's property. The landowner claimed that the
lender's time to foreclose the deed of trust had expired. The district court denied a motion to
enter default judgment in favor of the landowner, finding, among other things, that the statute of
limitations to foreclose the deed of trust had not run. The district court entered a judgment
dismissing the landowner's suit. We affirm the district court's judgment.

## I.  FACTUAL BACKGROUND

   Cory Jakobson and others ("Jakobson") owned the property at issue when a deed of trust
was granted to Washington Mutual Bank ("WMB"). The deed of trust secured a line of credit. A

1

day after the deed of trust was granted to WMB, Jakobson transferred the property to CMJ Properties, LLC ("CMJ"), via quitclaim deed. The deed of trust was later assigned to JP Morgan Chase Bank ("Chase") as successor in interest.

Jakobson stopped making payments on the credit line in May 2010 and filed bankruptcy about five months later. On April 6, 2011, Chase terminated the credit line and subsequently filed a motion for relief from stay to foreclose the deed of trust. The bankruptcy court granted the motion for relief from stay, but Chase has not initiated foreclosure proceedings.

On June 17, 2016, CMJ filed a complaint against Chase to quiet title to the property. CMJ alleged the deed of trust was no longer enforceable because the time for foreclosure had run. On July 27, 2016, CMJ filed a motion for entry of default and default judgment because Chase failed to appear. The district court entered default, but denied the motion for entry of default judgment, finding that Chase's time to initiate foreclosure proceedings had not run. The district court entered a judgment dismissing CMJ's claim. CMJ appeals the district court's judgment.

## II.  STANDARD OF REVIEW

"This Court exercises free review over the district court's conclusions of law to determine whether the court correctly stated the applicable law and whether the legal conclusions are sustained by the facts found." *PacifiCorp v. Idaho State Tax Comm'n*, 153 Idaho 759, 767, 291 P.3d 442, 450 (2012).

> The meaning and effect of a statute is a question of law over which this Court exercises free review. Where the language of the statute is clear and unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. The words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole.

*State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001) (internal quotations and citations omitted).

## III.  ANALYSIS

**A.  The district court did not err when it declined to deem as admitted an allegation that more than five years had passed since the maturity date of the credit line.**

CMJ alleged in its complaint that "[m]ore than 5 years has passed since the credit line maturity date (i.e., April 6, 2011 at the latest)." CMJ argues that this is a factual allegation, and that the district court should have deemed this as admitted pursuant to Idaho Rule of Civil Procedure 8(b)(6) because Chase defaulted. We disagree.

2

It is well understood that factual allegations contained in a complaint are deemed admitted when a defendant defaults. *Holladay v. Lindsay*, 143 Idaho 767, 772, 152 P.3d 638, 643 (Ct. App. 2006); *see Davis v. Parrish*, 131 Idaho 595, 598, 961 P.2d 1198, 1201 (1998); I.R.C.P. 8(b)(6). Courts are not required, however, to deem legal conclusions as admitted merely because they were plead as factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[F]or the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1100 (D. Nev. 2007) ("[T]he Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint.").

The district court had no obligation to accept as true CMJ's allegation that more than five years had passed since the credit line maturity date of April 6, 2011. The district court correctly understood that determining the maturity date of a debt requires a legal conclusion based upon the terms of the debt instrument. Regardless of Chase's default, the district court was required to analyze the debt instrument and determine as a matter of law what the maturity date was and whether the time for filing a foreclosure action had run based upon the factual allegations. The district court did not err in the process that it used when it denied CMJ's motion for default judgment.

CMJ also claims that the district court erred when it determined that there were foundational issues with CMJ's complaint, namely that it was unsworn and contained insufficient information establishing how the lawyer who signed it had personal knowledge of some of the events. The district court's opinion clearly stated, "Even assuming counsel could cure the foundation problems with his testimony, there are more fundamental issues with the relief sought." It is apparent from this statement that the district court did not rely on the deficits in the complaint when making its final decision. Consequently, this issue is not dispositive, and we will not address CMJ's argument further. *See J.R. Simplot Co. v. Bosen*, 144 Idaho 611, 615, 167 P.3d 748, 752 (2006) (holding that testimony on which the trial court did not rely is immaterial to the outcome and need not be addressed by this Court).

**B.      The district court did not err in interpreting the statute of limitations set forth in Idaho Code section 5-214A.**

3

CMJ argues alternatively that if the maturity date of the credit line is a question of law, the district court erred in interpreting the statute of limitations set forth in Idaho Code section 5-214A. Specifically, CMJ argues the occurrence of an acceleration event (i.e., Jakobson's default) caused the credit line's defined maturity date to change and triggered the start of the statute of limitations period. We recently rejected a virtually identical argument in *Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 395 P.3d 393 (2017).

Idaho Code section 5-214A states:

> An action for the foreclosure of a mortgage on real property must be commenced within five (5) years from the maturity date of the obligation or indebtedness secured by such mortgage. If the obligation or indebtedness secured by such mortgage does not state a maturity date, then the date of the accrual of the cause of action giving rise to the right to foreclose shall be deemed the date of maturity of such obligation or indebtedness.

In *Baughman* we explained that the first sentence of Section 5-214A applies when there is a stated maturity date in the instrument at issue:

> The first sentence of the statute states, "An action for the foreclosure of a mortgage on real property must be commenced within five (5) years from the maturity date of the obligation or indebtedness secured by such mortgage." It is clear from the second sentence of the statute that the reference to "the maturity date of the obligation or indebtedness" is the maturity date stated in that obligation or indebtedness. The second sentence states, "If the obligation or indebtedness secured by such mortgage *does not state* a maturity date, then the date of the accrual of the cause of action giving rise to the right to foreclose shall be deemed the date of maturity of such obligation or indebtedness." (Emphasis added.) The second sentence only applies if the obligation or indebtedness *does not state* a maturity date. The first sentence must then logically apply to an obligation or indebtedness that does state a maturity date. Otherwise, the two sentences would conflict.

*Id.* at 180–81, 395 P.3d at 399–400.

The debtor in *Baughman,* like in this case, argued that acceleration of the debt changed the maturity date and triggered the start of the statute of limitations period. We rejected that argument because there was no provision in the promissory note which altered the stated maturity date in the event of acceleration:

> In this case, the promissory note expressly stated that the maturity date was March 1, 2047. ***There was no provision in the note providing that the maturity date would change if the amounts owing under the note were declared to be immediately due and payable because of a default.*** Therefore, the five-year statute of limitations for foreclosure would not begin to run until March 1, 2047.

4

*Id.* at 181, 395 P.3d at 400 (emphasis added).

Jakobson's obligation to pay is set forth in an agreement called the "WaMu Mortgage Plus Agreement and Disclosure" (the "Credit Agreement"). The Credit Agreement has a box near the top of the document which states: "Maturity Date: 08/09/2037." The maturity date is re-stated in the deed of trust, "[t]he Credit Agreement provides that unless sooner repaid, the Debt is due and payable in full thirty years from the date of this Deed of Trust which is 08/09/2037 (the "Maturity Date")." Like in *Baughman*, there is no language in the deed of trust or the Credit Agreement that changes the stated maturity date in the event of default or acceleration. The maturity date is simply defined as 08/09/2037, and there is no language in the instruments which alters that date. Under Idaho Code section 5-214A, the stated maturity date is when the statute of limitations for foreclosure begins to run. As such, we affirm the judgment dismissing CMJ's complaint.

On a final note, CMJ argues that the district court erred by ruling that a successor in interest with knowledge of an unsatisfied mortgage cannot quiet title against a mortgagee even though the statute of limitations has run. *See Trusty v. Ray*, 73 Idaho 232, 237, 249 P.2d 814, 817 (1952). Given our ruling that the statute of limitations has not run, this issue is moot, and we decline to reach the merits of the argument. *See, e.g.*, *Zylstra v. State*, 157 Idaho 457, 468, 337 P.3d 616, 627 (2014) (declining to reach statute of limitations defense where tort claim defeated on issue of causation).

## C.     Neither party is entitled to attorney fees.

Both parties seek attorney fees on appeal under Idaho Code section 12-121. "In order to be eligible for an award of attorney fees under Idaho Code section 12-121, the party must be the prevailing party on appeal." *Baughman*, 162 Idaho at 183, 395 P.3d at 402. CMJ is not the prevailing party, and therefore, not entitled to fees or costs.

Chase is also not entitled to fees. Before addressing the requirements of Idaho Code section 12-121, it is important to recognize that Chase is in default. Although Chase argues in its response brief that the district court's entry of default was improper, it never made a motion to set aside the default and only argues on appeal that the default should be set aside in the event the Court were to find CMJ's appeal arguments meritorious. We recently addressed the effect of a default in *Martinez (Portillo) v. Carrasco (Mendoza)*, 162 Idaho 336, 341, 396 P.3d 1218,

5

1223 (2017), and explained that a default is separate from a default judgment. A party must not only seek relief from a default judgment, but also from the default. *Id.*

In *Martinez*, we quoted the following language:

Upon the failure of the defendant to answer the complaint within the time allowed by law, and upon the entry of default, in the absence of fraud, the right of the defendant to participate in the litigation is terminated, and the subsequent filing of an answer or demurrer on his part is unauthorized and void, unless upon proceedings duly had, the default is first set aside.

*See id.* (quoting *Kingsbury v. Brown*, 60 Idaho 464, 469, 92 P.2d 1053, 1055 (1939)). The statement that the defendant's right to participate in the litigation is "terminated" upon default requires clarification. Default does not necessarily cut off a defendant's ability to participate in the litigation altogether. In a tort case, for example, a defaulting defendant is generally allowed to contest the amount of unliquidated damages. *See* 46 Am. Jur. 2d *Judgments* § 285 (1994). A defaulting defendant can also contest the legal sufficiency of the complaint and its allegations to support a judgment. *See, e.g.*, *Olson v. Kirkham*, 111 Idaho 34, 37, 720 P.2d 217, 220 (Ct. App. 1986). A party in default cannot, however, bring an appeal seeking affirmative relief from this Court. *E. Idaho Econ. Dev. Council v. Lockwood Packaging Corp. Idaho*, 139 Idaho 492, 496, 80 P.3d 1093, 1097 (2003).

Even though Chase is in default, it still had the ability to contest the legal sufficiency of the complaint and effectively did so by participating as a respondent on appeal. Chase's request for attorney fees is part of its defense on appeal and is therefore proper. Having said that, the requirements of Idaho Code section 12-121 as recently amended by the Legislature have not been satisfied. Section 12-121 authorizes an award of attorney fees to the prevailing party where the case is brought, pursued or defended "frivolously, unreasonably or without foundation." CMJ's pursuit of this quiet title action was not frivolous or unreasonable. Although our decision in *Baughman* essentially decided this matter, the *Baughman* decision was not issued until after the briefing in this case was complete.

## IV.    CONCLUSION

The judgment dismissing the quiet title action is affirmed. Costs are awarded to Chase as the prevailing party.


Chief Justice BURDICK, and Justices JONES and HORTON, and Justice Pro Tem TROUT CONCUR.

6